[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
TEMPORARY INJUNCTION
The Plaintiff's verified complaint and application for a temporary injunction having come before me, a Judge of the Superior Court, pursuant to an order to show cause why a temporary injunction should not issue as prayed for, and the parties appeared and were fully heard, and it appearing to the court that a temporary injunction ought to issue, and the parties appeared and were fully heard on October 5, 1990 with respect to the terms of this Order, and the Plaintiff having given a bond to the opposite parties with surety satisfactory to the Court in the sum of $25,000 to answer all damages in case the Plaintiff shall fail to prosecute the action to effect, IT IS HEREBY ORDERED:
That, pending further Order of this Court, the Defendants, Intelligent Systems, Inc., David J. Rado, Central Elevator, Inc., and United States Elevator Corporation, and their agents, servants, employees, and those in active concert or privity with them, be and they hereby are:
A. Temporarily enjoined from using or disclosing the following trade secrets of the Plaintiff, or using or disclosing any devices which embody or contain any of said trade secrets and which were designed, derived or manufactured CT Page 3704 by or with the assistance of the trade secrets:
 1. The software for the OMT including, but not limited to:
 a. the commands and arguments generated by the OMT for each test or procedure;
 b. the structures in which data are received by the OMT from the controller;
 c. the addresses, structure, organization, timing, sequence, functions and parameters of modules, routines and subroutines;
 d. the manner in which modules are linked together;
 e. the addresses, nature and structure of the data stores;
 f. states, labels, naming conventions, control strategies and performance parameters; and
 g. test codes, identification numbers, combinations of tests, diagnostics, sequences of tests and sequences of diagnostics.
 2. The functions and manner of operating the OMT, to the extent not publicly disclosed in United States Patent No. 4,561,093 or obtained from any lawful or legitimate source, i.e. a source which Defendants do not know, and, in the exercise of reasonable care, have no basis to believe, obtained such information improperly, including, but not limited to:
 a. the types of tests and procedures it performs; and
 b. the interpretation of the data displayed by the device.
 3. The OMT itself, its internal structure, design and components except and to the extent limited by paragraph A.2 above.
B. Without limiting the generality of the foregoing, temporarily enjoined from using and from permitting any others CT Page 3705 from using, examining or analyzing any one or more of the following devices or things, as identified at the hearing on this matter:
 1. The EST, to the extent used for the servicing of Otis Elevonic or MPGC elevators.
2. The "Roberts Tool".
3. The "Zhong Tool".
4. The "Tardiff Tool".
 5. Any other device which was designed or manufactured by or through the use or disclosure of any of the trade secrets described in paragraph A.
 6. Any device whose design or software was derived, in whole or in part, from any of the foregoing.
C. The Defendants shall deliver into the custody of the Plaintiff's attorneys, Schatz Schatz, Ribicoff Kotkin, at 90 State House Square, Hartford, Connecticut, the following items in the custody and control of Defendants, their agents, servants, and employees, and those in active concert or privity with them:
 1. All documents, photographs, or tangible things which embody, contain or disclose any of the trade secrets as defined in paragraph A hereof, including any tapes, disks or other machine readable media, to be delivered within 45 days from the date hereof; and
 2. All devices, and any parts or components thereof, described in paragraph B hereof, to be delivered within 14 days from the date hereof,
such items to be retained in the custody of the aforesaid attorneys pending further Order of this Court. Those items which were sealed under the Courts prior Protective Order shall remain sealed. Upon notice to all counsel of record and upon reasonable request, any of the items described in paragraphs C1 and C2 above shall be available for inspection by all parties who are within the scope of the Protective Order issued previously by the Court and in accordance with the terms of said Order, including, but not limited to, all counsel of record, two in-house counsel for each of the parties, and any expert witness retained by the parties in connection with this CT Page 3706 action.
Notwithstanding anything to the contrary contained herein, nothing herein shall restrain or enjoin the Defendants from using or disclosing the above-described trade secrets to the extent said trade secrets shall have been obtained or derived in any lawful or legitimate manner, the burden to establish lawful acquisition or derivation to be in accordance with the law.
Dated at Hartford, Connecticut this 20th day of November, 1990.
BY THE COURT, N. O'NEILL, J.